**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Vincent Williams,** | ) | **CASE NO. 1:16 CV 2549** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Maxwell Martin,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Vincent Williams filed this action under 42 U.S.C. § 1983 against Assistant Cuyahoga County Prosecutor Maxwell Martin, Cleveland Police Sergeant Anthony McMahon, Cuyahoga County Grand Jury Foreman Jane Reese, Cuyahoga County Common Pleas Court Judge John J. Russo, Cuyahoga County Common Pleas Court Judge Pamela Barker, Cuyahoga County Common Pleas Court Judge Michael Jackson, and Visiting Judge Richard Reinbold. In the Complaint, Plaintiff challenges his ongoing criminal prosecution in the Cuyahoga County Court of Common Pleas, asserting claims for wrongful imprisonment, and malicious prosecution. He seeks dismissal of the charges against him, immediate release from jail, and an award of monetary damages.

### BACKGROUND

Plaintiff has been indicted in Cuyahoga County Court of Common Pleas, Case No. CR-15-596260-A, on three counts of rape, one count of gross sexual imposition, one count of aggravated robbery, and two counts of kidnaping. Trial has been set for January 17, 2017.

Plaintiff challenges his criminal prosecution. First, he contends the prosecutor did not use reliable information to initiate the case against him. He indicates he was indicted on the eve of the expiration of the statute of limitations for rape. He contends the victim's medical reports described the suspect as a Hispanic male and suggested only one count of rape. He indicates the report prepared later by the bureau of criminal investigation omitted the suspect's description and included three counts of rape. He contends the victim chose another person from the photo line up, but the prosecutor pursued an indictment against him anyway, without re-interviewing the victim, based on a DNA match in the Combined DNA Index System ("CODIS").

Second, Plaintiff alleges Sergeant McMahan altered the incident report that was submitted to the prosecutor's office. He indicates page three of the report is dated 9/5/13 while pages one and two have the date cut off the page. He contends page three is off center and out of line indicating it was copied. Plaintiff states that the report does not mention a DNA match to him in CODIS.

Third, Plaintiff claims the grand jury foreman failed to conduct an independent investigation before returning an indictment against him. He alleges that she relied entirely on the evidence presented to the grand jury by the prosecutor.

Finally, Plaintiff claims Judges Russo, Barker, Jackson, and Reinbold made decisions which were unfavorable to him. He contends Judge Russo signed his arrest warrant. He alleges Judge Barker was assigned to his case. He indicates he filed a Motion challenging jurisdiction

and requesting the appointment of new counsel.  He contends she appointed a new defense attorney but did not address the other eleven issues he raised in his Motion.  Plaintiff indicates his case was reassigned to Judge Jackson.  He states he asked Judge Jackson to allow him to represent himself at trial.  He alleges Judge Jackson warned him of the problems of self-representation and urged him to allow the court to appoint new counsel.  Plaintiff claims he reluctantly agreed and Judge Jackson appointed an attorney who Plaintiff contends has a conflict of interest in the case.  Judge Jackson did not agree that a conflict existed, and would not appoint another attorney.  Judge Reinbold is a visiting Judge assigned to two civil actions that Plaintiff filed to contest missing evidentiary items in his criminal case.  Judge Reinbold stayed both of the civil actions pending resolution of his criminal case.

Plaintiff indicates he is asserting claims for wrongful imprisonment and malicious prosecution.  He asks this Court to order the prosecutor to show proof of jurisdiction or dismiss the charges against him and release him from custody.  He also seeks monetary damages, and asks the Court to bring criminal charges against the Defendants.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are

clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Judges Russo, Barker, Jackson, and Reinbold are absolutely immune from civil suits for damages based on decisions they made in the course of actions over which they presided. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over

which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

Here, Plaintiff alleges that Russo, Barker, Jackson, and Reinbold signed his arrest warrant, did not rule favorably on his motions, warned him against self-representation, appointed counsel with potential conflicts of interest, and stayed two of his civil cases pending the resolution of the criminal charges against him. They were acting in their capacities as judges when they performed these actions and all of those actions were within the subject matter jurisdiction of the Court of Common Pleas. They are absolutely immune from damages in this case.

Assistant Cuyahoga County Prosecutor Maxwell Martin is also immune from suits for damages. A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a Defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993); *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to

activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Plaintiff alleges Martin used a report that omitted the suspect's description in order to obtain an indictment. This decision is directly related to initiating Plaintiff's criminal case as the state's advocate. Martin is entitled to absolute immunity from damages.

Similarly, quasi-judicial immunity protects members of grand juries for acts taken in their roles as grand jurors. *See Imbler*, 424 U.S. at 423 n. 20. Plaintiff contends Reese failed to conduct an independent investigation on the evidence presented by the prosecution and returned an indictment against him. Because these acts were performed within the scope of her grand jury foreperson duties, Reese is entitled to quasi-judicial immunity from civil liability.

Finally, Plaintiff asserts claims of malicious prosecution and wrongful imprisonment against Sergeant McMahan alleging he altered an incident report. The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). A claim of malicious prosecution is different from a claim of false arrest, in that a malicious prosecution claim "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 (2007). To the extent Plaintiff's claims can be construed as a violation of federal law, they would arise, if at all, as a claim of malicious prosecution under the Fourth Amendment.

To state a claim for malicious prosecution premised on a violation of the Fourth Amendment, a Plaintiff must allege: (1) a criminal prosecution was initiated against him and

that the Defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the Plaintiff suffered a "deprivation of liberty," apart from the initial seizure; and (4) the criminal proceeding was resolved in the Plaintiff's favor.  *Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir. 2010).  Plaintiff's criminal case is still pending.  It has not been resolved in his favor.  He cannot prevail on a Fourth Amendment claim for malicious prosecution.

To the extent Plaintiff intended for these claims to arise under state tort law rather than federal constitutional law, there would be no basis for federal jurisdiction.  Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The parties in this case are not diverse because all of them appear to be citizens of Ohio.  If these claims arise under state tort law and not federal constitutional law, federal question jurisdiction is not present.  The case would have to be dismissed for lack of subject matter jurisdiction.

Finally, to the extent Plaintiff intended to assert some other federal constitutional claim, it is not apparent on the face of the Complaint.  To meet basic federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).  To do so would "require ...[the Courts] to explore exhaustively all potential claims of a *pro se* Plaintiff, ... [and]

would...transform the District Court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Even liberally construed, Plaintiff's Complaint does not state any other plausible claim for relief.

### **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge